**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARREN CHARLES BLUEMEL,

Plaintiff-Appellant,

v.

SCOTT V. CARVER, MIKE
CHABRIES; BELLE BROUGH;
CLINT S. FRIEL; TOM ANDERSON;
HAZEN L. LOCKE; DENISE
EVANS; CRAIG BALLS; EDWARD
KINGSFORD; CHUCK WILSON;
BRUCE BAILEY; HANK GALETKA;
FRED VANDERVEUR; DAVID
WORTHINGTON; and SIDNEY
ROBERTS, in their individual and
official capacities.

Defendants-Appellees.

No. 05-4022

(D.C. No. 2:04-CV-1162-DAK)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining Mr. Bluemel's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* state prisoner civil rights appeal under 42 U.S.C. § 1983. In his claim to the district court, Mr. Bluemel asserted that his civil rights were violated by Utah Department of Corrections officials (Defendants). Seeking compensatory, exemplary, and nominal damages in the district court, Mr. Bluemel raised multiple claims, including lack of legal access, failure to protect, retaliation for exercising a First Amendment right, inadequate medical care, and fraudulent concealment. The district court dismissed the complaint without prejudice because Mr. Bluemel failed to exhaust his administrative remedies. Mr. Bluemel appeals to this court.

We agree with the district court that Mr. Bluemel "must have already totally exhausted his claims through all correctional facility grievance levels" before he can prosecute his claims in federal court. Dist. Ct. Order at 1(citing 42 U.S.C. § 1997e(a)). After a thorough review of Mr. Bluemel's brief and the record, and for substantially the same reasons as set forth in the district court's well-reasoned January 10, 2005 Order, we agree with the district court's dismissal

of Mr. Bluemel's § 1983 case without prejudice.

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge